## SUPREME COURT — ALLEGANY COUNTY.

### March, 1922.

## THE PEOPLE v. CLAIR WHITCOMB.

(118 Misc. 615.)

PRACTICE—DEFENDANT ON PAROLE CANNOT BE ARRESTED UPON LATER INDICT-
MENT FOR PRIOR OFFENSE—COURT MAY DIRECT PAROLE OFFICER TO PRODUCE
HIM IN COURT.

Where after defendant had entered a plea of guilty to an indictment for abandonment he was paroled, he cannot be arrested upon a later indictment for an offense committed prior to his act of abandonment,

and a motion to revoke his parole simply to enable the district attorney to arrest him under the later indictment will be denied.

The defendant, however, under the inherent power of the court, may be brought to trial upon the later indictment by an order of the court directing the parole officer to produce the defendant at the trial.

APPLICATION ex parte for revocation of parole after conviction and for authority to arrest.

*Lee Fasset, District Attorney,* for motion.

RODENBECK, J.:

There is no authority for the practice which the district attorney seeks to follow in this case. The defendant Clair Whitcomb pleaded guilty in Steuben county to an indictment for abandonment and was thereafter paroled in the custody of the parole officer of that county. Since his parole he has been indicted for forgery in Allegany county committed prior to his act of abandonment. There is no authority for his arrest while under parole. He cannot be arrested under the indictment under these circumstances any more than he could be if he were actually confined in a State prison. He is under probation. There is no authority for revoking the parole simply to enable the district attorney to arrest him under the indictment for forgery. If his parole is broken it is the duty of the court to sentence him and he will then be in the same situation as he is now in so far as being immune from arrest is concerned. A convict may be indicted and tried for an offense committed prior or subsequent to the crime for which he has been convicted or paroled. (13 C. J. 919; Thomas v. People, 67 N. Y. 218; notes to L. R. A. 1915E, 363; 41 L. R. A. [N. S.] 1095.) His production at the time of the trial is usually regulated by statute. The proper procedure seems to be to obtain an order for his production from the court in which the indictment is moved. Formerly this was accomplished by a writ of habeas corpus (Code Civ. Proc., § 2008), but the practice has been

changed so as to secure the presence of the prisoner by an order of the court. (Code Crim. Proc., § 10c; Laws of 1920, chap. 920, § 2.) The language of this section is not as broad as it might be (compare Bd. of Stat. Constr. 251), since it provides only for the production of a prisoner to testify who may be detained in a " jail or prison," but by a process of construction the language may be extended to include a prisoner on parole, and ·irrespective of the statute he may be required to attend under the inherent power of the Supreme Court. (13 C. J. 921.) Motion denied.

Ordered accordingly.